24 C.C.P.A.(Patents)

CHAMPION SPARK PLUG CO. v. GLOBE-UNION MFG. CO.

Patent Appeal No. 3783.

Court of Customs and Patent Appeals.

March 29, 1937.

Charles W. Owen and Carl F. Schaffer, both of Toledo, Ohio (Owen & Owen, of Toledo, Ohio, of counsel), for appellant.

John W. Michael, of Milwaukee, Wis. (Lecher, Michael, Whyte & Spohn, of Milwaukee, Wis., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is a trade-mark opposition proceeding which arose in the United States Patent Office following the publication of notice of appellee's application to register the word "Globe" with a zigzag line representing a flash of lightning drawn therethrough, for use upon spark plugs for internal combustion engines. Beneath the notation appear the words "Full Spark," but these are disclaimed apart from the mark shown. Use is alleged since May 24, 1933. In the application it is said: "The trademark is applied to the plugs by marking the same in ink upon the porcelain insulators prior to glazing and to the packages containing the plugs by printing or otherwise displaying said mark thereon." Appellant filed notice of opposition. Testimony on behalf of opposer was taken and certain stipulations and exhibits were presented. The Examiner of Interferences sustained the opposition and held appellee not entitled to the registration sought. He also held ex parte that, regardless of the right of opposer to intervene, appellee was not entitled to registration because of two prior registrations issued to third parties. The Commissioner of Patents, acting through the Assistant Commissioner of Patents, reversed the decision upon both points and appellant took the instant appeal to this court.

In its notice of opposition, filed December 1, 1933, appellant alleged that the principal part of its business and that of its predecessors had, for more than twenty-five years past, been the manufacture and sale of spark plugs; that it had been its practice to sell products of the highest qualities, using therein only the best materials and workmanship; that as early as 1907 it adopted for use as a trade-mark a representation of the terrestrial globe; that it has continuously used such mark in interstate and foreign commerce; that more than nine million dollars have been expended for advertising; that it is the owner of registrations No. 92,949 of August 12, 1913, and No. 120,167 of January 15, 1918; that the public will be misled by the use by appellee of the mark it seeks to register into the belief that the goods originated with appellant, and that appellant believes it would be damaged by the registration to appellee.

The material points of appellee's answer will appear as the case is hereinafter discussed.

Appellant's registration of August 12, 1913, consists of a representation of the terrestrial globe, showing particularly the Western Hemisphere, and having a broad black band with white lines adjacent its edges running somewhat obliquely around it near its center. The registration of January 15, 1918, shows a somewhat similar figure with the word "Champion" printed upon the band. Both marks are for spark plugs, the latter also naming spark plug porcelains and parts.

Mr. Robert A. Stranahan, president of appellant company, and long associated with its predecessors, was called as a witness on its behalf. The material parts of his testimony are to the effect that the mark embraced in registration No. 120,-167, which carries the word "Champion"

on the band, is and has been most commonly used in its advertisements, upon its letterheads and upon the containers in which the spark plugs are shipped; that he did not think the company had ever used the mark embraced in registration No. 92,909 without the word "Champion" displayed on the band; that for something less than a year the globe representation (with, as we understand his testimony, "Champion" on the band) was stamped directly upon the plugs but that this was abandoned, not being satisfactory, and the custom has since been to stamp the plug with only the word "Champion"; that the globe representation is included in most of its advertising, although exceptions were shown on cross-examination; that about 20 per cent. of appellant's business is direct with manufacturers of automobiles, the other being with jobbers and dealers; that the purchaser of a new car equipped with appellant's spark plugs would see only the word "Champion" thereon; that appellant's products are known the world over as "Champion" spark plugs; that they are not known, or referred to by the trade or the public, nor advertised by the company, by the name "Globe"; and that he had no proof of any actual confusion, no attempt having been made to investigate that matter.

During cross-examination the witness was confronted with another registration by appellant, No. 92,950, of August 12, 1913. It consists simply of the word "Champion," registered for use on spark plugs.

Upon the state of facts above outlined, it is insisted by appellee that appellant may not place any reliance upon the representation of the globe with band alone as shown in its registration (No. 92,949) of August 12, 1913, because it is shown never to have been used in that form, and that in this proceeding cognizance may be taken, so far as the pleadings are concerned, of only registration No. 120,167 wherein the word "Champion" is printed upon the band surrounding the figure of the globe.

Much of the argument on behalf of appellee is directed to the point that "the representation of a globe of the world per se" is "merely and exclusively geographical and descriptive in meaning, character, and significance," and hence, it is urged, that "the question of likelihood of confusion presented under the issues of this case is not determinable upon those authorities which deal with word and picture alternatives. * * *" It is further insisted that the word "Globe" is not merely geographical in character because its meaning embraces many things in addition to the terrestrial globe, but it is said, in substance, that, even if a geographical significance be assigned to the word, the mark of appellee is, like that of appellant, a composite one and includes other features rendering it registrable in its entirety.

Upon the question of descriptiveness of either the word "Globe," or a pictorial or diagrammatic representation of a globe, we need not dwell. Obviously, neither is descriptive of spark plugs or of the character or quality of spark plugs.

Upon the question of geographical "meaning," it is well to quote the pertinent language of the second proviso of section 5 of the Trade-Mark Registration Act of February 20, 1905 (as amended, 15 U.S.C.A. § 85, proviso 3). This reads: "Provided. That no mark which consists * * * in * * * merely a geographical name or term, shall be registered under the terms of this Act [subdivision of this chapter]."

We are of the opinion that the word "Globe" is not merely a geographical name or term in the sense in which the phrase is used in the statute. A, geographical name or term to our minds signifies a nation, state, county, city, municipality, river, lake, or the like. The reasons for denying a trade-mark monopoly upon such names or terms is obvious, but "Globe" has no such geographical significance; it identifies no particular geographical location, nor is its proper use as a trade-mark likely to interfere with or embarrass any public or private right.

The same reasoning leads to the conclusion that a figure of the globe representing the earth is not, in the sense of the statute, a representation of merely a geographical name or term; it is of the terrestrial body. "There are also celestial bodies, and bodies terrestrial. * * *" The Congress, in the trade-mark registration act, did not ban the celestial, nor the terrestrial, but stopped with geographical names and terms. The principle applied in the case of In re Canada Dry Ginger Ale, Inc., 86 F.(2d) 830, 24 C.C.P.A. (Patents) ——, 32 U.S.P.Q. 49, wherein a map

of Canada was held to represent, or be the equivalent of, a merely geographical name or term, is not, in our view, apposite here, and so of other authorities cited upon this point by counsel for appellee.

We are of opinion that the question to be considered is simply that of whether confusion is likely to result from the use of appellant's mark containing as a part thereof a figure of the terrestrial globe and the word "Globe" crossed by a zig-zag line as described.

■ That the word "Globe" has a broader meaning than that of a figure of the terrestrial globe is clear. The primary definition of the word given by Webster's New International Dictionary is: "A round or spherical body, solid or hollow; a body whose surface is in every part equidistant from the center; a ball; a sphere." The same authority informs us that the word is derived from the Latin word "globus," a word which existed, according to history, long before the somewhat globular shape of the earth was known.

Nevertheless we think it true that, whenever the simple word "globe" is used, the first impression made upon the mind is that of the commonly accepted idea as to the shape of the earth. Instinctively and subconsciously that is the primary meaning which the mind attaches to the word. Such being the case, we are of the opinion that the figure is an alternative, or practical equivalent, of the word, and hence the general rule relative to words and pictorial alternatives must be here considered. Numerous authorities might be cited, but we content ourselves with a reference to the companion cases of Derby Oil Co. v. White Star Refining Co., 62 F.(2d) 984 and 987, 20 C.C.P.A. (Patents) 816 and 820, with the authorities therein cited. These cases serve also as authorities upon the question of publici juris suggested by appellee during the prosecution of the instant case.

■ It may be, indeed it seems to be, a fact that appellant's spark plugs are practically always referred to by the name "Champion" and never by the name "Globe," but this does not alter the other fact that a figure of the terrestrial globe is a prominent part of appellant's mark which was registered and used upon its cartons and in connection with much of its advertising prior to the time of any claimed use of the word "Globe" by appellee. It does not seem to us to be material whether or not appellant has practically abandoned use of the figure of the globe alone. The figure is retained in, and is a conspicuous part of, the mark which it did register and use in the manner indicated. That there is room for confusion seems obvious and, in our opinion, there is sufficient doubt with respect to likelihood of confusion to require application of the rule against appellee as a newcomer in the field.

It is unnecessary to discuss the ex parte ground of rejection.

We hold that the opposition should be sustained and appellee denied the registration sought.

Accordingly, the decision of the Commissioner of Patents is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate in the decision of this case.